**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SREAM, INC.,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  17-8177 c/w** |
| | **17-8179, 17-8180,** |
| **SUPERIOR DISCOUNT, LLC,** | **17-8184, 17-8186,** |
|     **Defendant** | **17-8191, 17-8193,** |
| | **17-8205, 17-8216,** |
| | **17-8218, 17-8238,** |
| | **17-8239, 17-8242,** |
| | **17-8243, 17-8244,** |
| | **17-8246, 17-8252** |
| *Applies to:  All Cases* | **SECTION: "E" (1)** |

## ORDER AND REASONS[1]

Before the Court is a Motion to Dismiss filed by Defendant E-Z Pick Inc. on behalf of the consolidated Defendants ("Defendants").[2] The motion is opposed.[3] The Court ordered any reply be filed by no later than May 8, 2019.[4] Defendants did not file a reply. For the reasons that follow, the motion is **DENIED.**

## BACKGROUND

On August 24, 2017, Sream filed the captioned actions, asserting the following causes of action against the Defendant(s) in each case: (1) a claim for trademark counterfeiting and infringement under 15 U.S.C. § 1114 and (2) a claim for false designation of origin and unfair competition under 15 U.S.C. § 1125(a).[5] Sream alleges it

---

[1] Unless otherwise noted, the Court cites to the record of the lowest-numbered consolidated action, action no. 17-8177.

[2] R. Doc. 81. India Imports, LLC also filed a separate Motion to Dismiss, R. Doc. 82.

[3] R. Doc. 91.

[4] R. Doc. 94.

[5] R. Doc. 1 at ¶¶ 41-63.

1

is the exclusive United States licensee authorized to use the trademark "RooR" and alleges it has the authority by license from the trademark's owner to police and enforce the RooR marks within the United States.[6] In the original Complaints, Sream alleges the RooR trademark is owned by Martin Birzle.[7] On January 8, 2018, after Sream filed suit against Defendants, Mr. Birzle assigned his rights in the mark to Roor International BV.[8] Sream alleges the Defendants sold counterfeit merchandise bearing the RooR mark at times between August 24, 2016 and August 28, 2016.[9]

Several of the Defendants filed Motions to Dismiss,[10] arguing Sream lacks standing to assert claims under either 15 U.S.C. § 1114 or 15 U.S.C. § 1125(a). While the Motions to Dismiss were pending before the Court, Sream moved for leave to file amended complaints to add Roor International BV as a Plaintiff.[11]

On March 1, 2019, the Court ruled on the pending motions to dismiss and motions for leave.[12] The Court held Sream lacks standing to bring a claim for trademark infringement under 15 U.S.C. § 1114 because the license agreement between Birzle and Sream, ratified by Roor International BV, does not confer upon Sream the status of an

---

[6] R. Doc. 8 at ¶ 10; *see also* R. Doc. 77-3 (Licensing Agreement).

[7] R. Doc. 1 at ¶ 10, 11.

[8] R. Doc 77 at ¶ 10, 11; *see also* R. Doc. 77-4 (Ratification Agreement).

[9] R. Doc. 1 at ¶ 21.

[10] Case No. 17-8177, R. Doc. 60 (filed by Superior Discount, LLC), R. Doc. 64 (filed by Guide-One National Insurance Company), R. Doc. 65 (filed by India Imports LLC); Case No. 17-8179, R. Doc. 41 (filed by Joseph Truong, Inc.), R. Doc. 42 (Motion to Dismiss and for Rule 11 Sanctions filed by Joseph Truong, Inc.); Case No. 17-8184, R. Doc. 55 (filed by MKM Group, LLC), R. Doc. 57 (filed by India Imports, LLC); Case No. 17-8191, R. Doc. 34 (filed by Dock Quick Stop, LLC); Case No. 17-8205, R. Doc. 51 (filed by M&S Fuel, LLC), R. Doc. 53 (filed by India Imports LLC); Case No. 17-8216, R. Doc. 31 (Motion to Dismiss and for Rule 11 Sanctions filed by E-Z Pick, Inc.); Case No. 17-8238, R. Doc. 52 (filed by Discount-N-Out, LLC), R. Doc. 56 (filed by India Imports, Inc.); Case No. 17-8243, R. Doc. 67 (filed by Quickys Discount).

[11] Case No. 17-8177, R. Doc. 67; Case No. 17-8179, R. Doc. 43; Case No. 17-8180, R. Doc. 32; Case No. 17-8184, R. Doc. 59; Case No. 17-8186, R. Doc. 34; Case No. 17-8191, R. Doc. 37; Case No. 17-8193, R. Doc. 33; Case No. 17-8205, R. Doc. 56; Case No. 17-8216, R. Doc. 35; Case No. 17-8218, R. Doc. 23; Case No. 17-8238, R. Doc. 60; Case No. 17-8242, R. Doc. 30; Case No. 17-8243, R. Doc. 73; Case No. 17-8244, R. Doc. 40; Case No. 17-8246, R. Doc. 39; Case No. 17-8252, R. Doc. 28.

[12] R. Doc. 76.

assignee of the trademark.[13] The Court also granted Sream leave to file amended complaints adding Roor International BV as a Plaintiff.

The amended complaints allege Roor International BV is the current owner of the RooR marks and, as the owner of the marks, Roor International BV has "federal statutory and common law rights to the RooR trademark."[14] Accordingly, the plaintiffs contend Roor International BV has standing to assert a claim for trademark counterfeiting and infringement under 15 U.S.C. § 1114, as well as a claim for false designation of origin under 15 U.S.C. § 1125.

Defendants move to dismiss the claims of Roor International BV, arguing its claims have prescribed.[15] The parties agree the applicable statute of limitations for both claims is one year. Roor International BV became a plaintiff when the amended complaints were filed on March 1, 2019.[16] Roor International BV alleges Defendants violated 15 U.S.C. § 1114 and 15 U.S.C. § 1125 at times between August 24, 2016 and August 28, 2016.[17] Accordingly, the claims of Roor International BV have prescribed unless they relate back to the date Sream filed the original complaints.

## LAW AND ANALYSIS

### I. The Amended Complaints Relate Back to the Date of the Original Complaints

Federal Rule of Civil Procedure 15 provides:

An amendment to a pleading relates back to the date of the original pleading when:
(A) the law that provides the applicable statute of limitations allows relation back;

---

[13] *Id. See also* R. Doc. 8-2 (Licensing Agreement between Martin Birzle and Sream); R. Doc. 77-4 (Ratification agreement).
[14]. Doc. 77 at ¶ 11.
[15] R. Doc. 81; R. Doc. 82.
[16] R. Doc. 77.
[17] *Id.* at ¶ 21.

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

    (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

    (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.[18]

Although Rule 15(c) does not expressly apply to a new pleading adding or substituting Plaintiffs, the Advisory Committee Note to the 1966 amendment indicates that Rule 15(c) also applies to the relation back of amendments changing plaintiffs. The Advisory Committee notes, "the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs."[19]

The Fifth Circuit has explained, "[r]ule 15(c) is 'based on the idea that a party who is notified of litigation concerning a given transaction or occurrence is entitled to no more protection from statutes of limitations than one who is informed of the precise legal description of the rights sought to be enforced' . . . Clearly notice is the critical element involved in Rule 15(c) determinations."[20] "As long as a defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action, defendant's ability to protect itself will not be prejudicially affected if a new plaintiff is added, and defendant should not be permitted to invoke a limitations defense."[21]

---

[18] FED. R. CIV. P. 15 (emphasis added).

[19] FED. R. CIV. P. 15, Advisory Committee Note to 1966 Amendment.

[20] *Williams v. United States*, 405 F.2s 234, 236 (5th Cir. 1968) (citing 3 MOORE, FEDERAL PRACTICE P 15.15(2) at 1021).

[21] 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER ET AL., FEDERAL PRACTICE AND PROCEDURE § 1501 (3d ed).

In this case, the claims of Roor International BV arise out of the same conduct, transaction, and occurrence as the claims asserted by Sream in the original complaint.[22] Both the factual allegations and causes of action now asserted by Roor International BV are largely identical to those originally asserted by Sream.[23] Defendants have had notice of the claims against them for trademark infringement under 15 U.S.C. § 1114 and false designation of origin under 15 U.S.C. § 1125 since the date of filing of the original complaint and have been preparing to defend the action since that time.

The original complaints put the Defendants on notice of the existence of the trademark's owner, and Defendants will not be prejudiced by the addition of identical claims asserted by the owner. The original complaints allege Mr. Birzle "owns valid and subsisting federal statutory and common law rights to the RooR trademark"[24] and describe that, pursuant to a licensing agreement, Mr. Birzle granted Sream "all rights to sue to obtain damages and injunctive relief for past and future infringement of the RooR marks in the United States."[25] Although the Court concluded Sream lacks standing to assert claims under 15 U.S.C. § 1114, in part because its status as licensee does not equate it to the registrant or owner of the mark, Defendants were aware of the existence and identity of the trademark's owner since the inception of the suit.[26] The addition of the owner of the trademarks as a plaintiff should not come as a surprise to Defendants.

---

[22] *Compare* R. Doc. 1 *with* R. Doc. 77.
[23] *Compare* R. Doc. 1 *with* R. Doc. 77.
[24] R. Doc. 1 at ¶ 9.
[25] *Id.* at ¶ 13.
[26] Martin Birzle's assignment of his ownership interest in the mark to Roor International BV does not affect this analysis.

Further, the Court has already concluded the addition of Roor International BV as a plaintiff will not prejudice Defendants. In the Order and Reasons granting Sream leave to file amended complaints adding Roor International BV as an additional plaintiff, the Court explained, "[p]ermitting the amended complaint does not cause undue prejudice to Defendants. The amended complaint does not add new substantive allegations but rather asserts the same two causes of action. The factual allegations in the amended complaint are largely identical to those in the original Complaint."[27] Accordingly, the claims of Roor International BV relate back to the date of filing the original complaints. As a result, the claims of Roor International BV have not prescribed, and the motion to dismiss is denied on this basis.

## II. Plaintiffs Need Not Move to Amend the Judgment

Defendants also argue that, because the Court dismissed Sream's claim under 15 U.S.C. § 1114, RooR may not bring a claim pursuant to 15 U.S.C. § 1114 without filing a motion to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). The cases cited by Plaintiffs to support this argument are inapposite.[28] *After* the court grants a motion to dismiss and dismisses *all* claims with prejudice, a party may only amend the complaint by filing a motion under Rule 15(a) in conjunction with a motion to amend the judgment under Rule 59(e).[29] In this case, Plaintiffs requested leave to amend the complaints *prior* to the Court's ruling on the motion to dismiss. The Court granted Sream leave to file amended complaints at the same time it dismissed *one* of Sream's two claims with prejudice. Plaintiffs need not file a motion to amend the judgment under these circumstances.

---

[27] R. Doc. 76 at 15-16.
[28] *Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993).
[29] *Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 370 (10th Cir. 1989).

## CONCLUSION

**IT IS ORDERED** that the Motion to Dismiss[30] filed by Defendants is **DENIED**.

**New Orleans, Louisiana, this 10th day of May, 2019.**

_Susie Morgan_

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[30] R. Doc. 81. The Motion to Dismiss filed by India Imports, R. Doc. 82, also is **DENIED**.